```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
MARK DICRISTO, individually and on behalf
of all others similarly situated,

                    Plaintiff,
                                              MEMORANDUM & ORDER
         -against-                            19-CV-2470(JS)(AYS)

NATIONAL RECOVERY SOLUTIONS, LLC,

                    Defendants.
----------------------------------------X
APPEARANCES
For Plaintiff:      Jonathan Mark Cader, Esq.
                    Craig B. Sanders, Esq.
                    David M. Barshay, Esq.
                    Barshay Sanders, PLLC
                    100 Garden City Plaza, Suite 500
                    Garden City, New York 11530

For Defendant:      Andreea Kristine DiLuglio, Esq.
                    William F. Savino, Esq.
                    Woods Oviatt Gilman LLP
                    1900 Main Place Tower
                    350 Main Street
                    Buffalo, New York 14202
```

SEYBERT, District Judge:

Plaintiff Mark Dicristo ("Plaintiff") commenced this proposed class action, individually and on behalf of all others similarly situated, against defendant National Recovery Solutions, LLC ("Defendant"), a debt collector, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq. (Am. Compl., D.E. 15.) Currently before the Court is Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Mot., D.E. 17; Def. Br., D.E. 17-1; Pl. Opp.,

D.E. 18; Def. Reply, D.E. 19.)  For the reasons that follow, Defendant's motion is GRANTED.

## BACKGROUND[1]

Plaintiff allegedly owes Defendant a debt that was assigned or otherwise transferred to Defendant for collection. (See generally Am. Compl.)  In an attempt to collect the debt, on or around May 2, 2018, Defendant sent Plaintiff a collection letter.  (May 2, 2018 Letter, D.E. 1-1,[2] (the "Letter").)  The top right corner of the Letter provides: (1) the account number, (2) the principal balance ($4,500.00), (3) interest ($111.69), (4) penalty charges ($0.00), (5) fees & costs ($1,122.49), and (6) the current balance ($5,734.18).  (Letter at 1.)  As relevant here, there is an asterisk next to "fees and costs" on the first page of the Letter corresponding to a sentence on the second page that reads:  "[t]his collection agency fee is not due until the time of payment and the amount of the fee may decrease at the time

---

[1] The following facts are drawn from the Amended Complaint and are assumed to be true for purposes of this Memorandum and Order.

[2] Although not attached to the Amended Complaint, the Letter is attached to the original Complaint and is therefore incorporated by reference.  See Chambers v. Time Warner Inc., 282 F.3d 147, 152 (2d Cir. 2002) (finding that, for purposes of a motion to dismiss, the court may consider a "written instrument attached to [the complaint] as an exhibit" (internal quotation marks and citation omitted)).

of payment depending on the amount that is ultimately paid."
(Letter at 2.)

The Letter also states that:

> This notice is from National Recovery Solutions, LLC (NRS). The U.S. Department of Education (ED), the current creditor and holder of your defaulted student loan or grant overpayment debt, has referred your account to Coast Professional, Inc. (Coast) for collection. Coast has authorized NRS, as a subcontractor, to act on their behalf to assist in the resolution of your account. ED has indicated your entire balance as indicated above is due and payable. As of the date of this letter you owe the balance indicated above. Because of interest or other fees that may vary from day to day, the amount due on the day you pay may be greater. We do recognize that many individuals may not be in the position to pay the entire balance in one payment. Therefore, NRS, is committed to providing assistance to you in determining the best resolution to your obligation. Our consumer case staff is trained to discuss all available options for repayment of your debt.

(Letter at 1.)

## PROCEDURAL HISTORY

Plaintiff initiated this action on April 26, 2019 (Compl., D.E. 1) and filed an Amended class action Complaint on January 10, 2020 (see Am. Compl.). The Amended Complaint alleges that the Letter violated the FDCPA in two ways. (Am. Compl., ¶¶ 35-93.) The first cause of action alleges that "Defendant failed to accurately state the amount of the alleged debt, by including a line-item for an estimated fee not due as of the date of the letter" in violation of 15 U.S.C. §§ 1692g(a)(1) and 1692e. (Pl. Opp. at 1; Am. Compl., Count One, ¶¶ 35-72.) The second cause

3

of action alleges that the Letter violates 15 U.S.C. §§ 1692e and 1692e(10) by deceptively and "falsely stating that the amount of the estimated fee may decrease when, in fact, it may only increase." (Pl. Opp. at 1; Am. Compl., Count Two, ¶¶ 73-93). Defendant moves to dismiss both counts in their entirety. (See generally Def. Br.)

## ANALYSIS

I. Legal Standard

To withstand a motion to dismiss, a complaint must contain factual allegations that "'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007)). This plausibility standard is not a "probability requirement" and requires "more than a sheer possibility that a defendant has acted unlawfully." Id. (internal quotation marks and citation omitted).

In deciding a motion to dismiss, the Court is confined to "the allegations contained within the four corners of [the] complaint," Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 71 (2d Cir. 1998), but this has been interpreted broadly to include any document attached to the complaint, any statements or documents incorporated in the complaint by reference, any document on which the complaint heavily relies, and anything of which judicial notice

4

may be taken. See Chambers v. Time Warner, Inc., 282 F.3d 147, 152-52 (2d Cir. 2002).

II. Discussion

A. The FDCPA

The FDCPA "establishes certain rights for consumers whose debts are placed in the hands of professional debt collectors for collection." DeSantis v. Computer Credit, Inc., 269 F.3d 159, 161 (2d Cir. 2001); see also 15 U.S.C. § 1692(e) (describing that the purpose of the statute is "to eliminate abusive debt collection practices"). To assert a claim under the FDCPA, Plaintiff must satisfy three threshold requirements: (1) he was a "consumer"; (2) Defendant was a "debt collector"; and (3) Defendant's act or omission violated the FDCPA. See Polanco v. NCO Portfolio Mgmt., Inc., 132 F. Supp. 3d 567, 578 (S.D.N.Y. 2015) (internal quotation marks and citation omitted). Courts in this Circuit determine whether a communication complies with the FDCPA "from the perspective of the 'least sophisticated consumer.'" Thomas v. Midland Credit Mgmt., Inc., No. 17-CV-0523, 2017 WL 5714722, at *3 (E.D.N.Y. Nov. 27, 2017) (quoting Jacobson v. Healthcare Fin. Servs., Inc., 516 F.3d 85, 90 (2d Cir. 2008)).

However, "[e]ven if a representation is deceptive within the meaning of § 1692e, it must be a material misrepresentation in order to give rise to liability." Navon v. Schachter Portnoy, L.L.C., No. 19-CV-0063, 2019 WL 4306403, at *4 (E.D.N.Y. Sept. 11,

5

2019) (collecting cases). "'The materiality inquiry focuses on whether the false statement would frustrate a consumer's ability to intelligently choose his or her response.'" Id. (quoting Cohen v. Rosicki, Rosicki & Assocs., P.C., 897 F.3d 75, 86 (2nd Cir. 2018)). Therefore, "'mere technical falsehoods that mislead no one are immaterial' and do not give rise to liability under § 1692e." Id. (quoting Cohen, 897 F.3d at 86).

B. Count One: Claims under Sections 1692g and 1692e

Plaintiff's first cause of action, as clarified in his opposition papers, alleges that the Letter violates Sections 1692g(a)(1) and 1692e of the FDCPA because the "current balance" included fees and costs. (Pl. Opp. at 12-13; Am. Compl. ¶¶ 35-72.) Section 1692g(a)(1) requires that "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall . . . send the consumer a written notice," known as a validation notice. 15 U.S.C. § 1692g(a). The notice must contain certain information, including "the amount of the debt," "the name of the creditor to whom the debt is owed," and a series of statements outlining the dispute procedures. 15 U.S.C. § 1692g(a); see also Douyon v. N.Y. Med. Health Care, P.C., 894 F. Supp. 2d 245, 255 (E.D.N.Y. 2012), amended on reconsideration, No. 10-CV-3983, 2013 WL 5423800 (E.D.N.Y. Sept. 25, 2013).

6

Defendant argues that the Letter "adequately states the 'amount of the debt' under § 1692g(a)(1)" because the "total, present quantity of money due as of the date of the Letter was $5,734.18" and if "Plaintiff were to have paid the stated balance of $5,734.18, the debt would have been paid in full." (Def. Br. at 8-9.) Defendant also asks the Court to reject Plaintiff's suggestion that the "collection agency fee is an 'Estimated Fee'" and to find Carlin v. Davidson Fink, LLP, 852 F.3d 207 (2d Cir. 2017) inapplicable because the Letter "does not contain a payoff statement with an estimated future amount that Plaintiff might owe." (Def. Br. at 10-12.)

In response, Plaintiff argues that the fees and costs are "a contingent amount" and are a mere estimate because they "are not due until a payment is made." (Pl. Opp. at 12-13.) Thus, according to Plaintiff, Defendant violated the FDCPA by including the fees and costs because they are "not owed as of the date of the printing of the Letter." (Pl. Opp. at 13.) Plaintiff further argues that Defendant's reliance on Kolbasyuk v. Capital Management Services, LP, 918 F.3d 236 (2d Cir. 2019) is misplaced. (Pl. Opp. at 11-12.)

The Court declines Plaintiff's invitation to conclude that the "current balance," including fees and costs as of the date of the Letter is a future estimate like that in Carlin. In Carlin, the collection letter at issue violated Section 1692g

7

because the defendant "only provided [the plaintiff] with an estimated, future amount that [the plaintiff] might owe, rather than the total, present amount that Carlin did owe." Kolbasyuk v. Capital Mgmt. Servs., LP, 918 F.3d 236, 241 (2d Cir. 2019) (explaining Carlin, 852 F.3d at 211.) (emphasis in original); Corwise v. FMS Inv. Corp., 758 F. App'x 213, 215 (2d Cir. 2019) (same). In those circumstances, unlike here, Carlin requires that debt collectors include "information allowing the least sophisticated consumer to determine the minimum amount she owes at the time of the notice, what she will need to pay to resolve the debt at any given moment in the future, and an explanation of any fees and interest that will cause the balance to increase." 852 F.3d at 216.

Thus, Carlin is inapplicable because the Letter "did not contain a payoff statement estimating potential future charges." Corwise v. FMS Inv. Corp., 758 F. App'x 213, 215 (2d Cir. 2019). To the contrary, Kolbasyuk, Corwise, and Taubenfiegel v. EGS Financial Care, Inc., 764 F. App'x 76 (2d Cir. 2019), compel a clear conclusion: the inclusion of "fees and costs" in the current balance as of the date of the Letter do not violate Sections 1962e or 1962g the FDCPA. Kolbasyuk, 918 F.3d 236 at 240 (the "'amount of the debt' . . . "signifies the total, present quantity of money that the consumer is obligated to pay."); Corwise, 758 F. App'x at 215 (plaintiff's Section 1962g claim failed as a matter of law

8

where the collection letter "stated the actual total amount due on the date of mailing--broken down by amount owed due to principal, interest, and fees--and further informed [plaintiff] that the amount may increase due to interest and fees."); Taubenfliegel, 764 F. App'x at 78 ("Because the total debt balance did not include unaccrued interest and fees, the letter accurately stated the 'amount of the debt.'").  Thus, where "the debt collector has already informed the consumer of the 'minimum amount she owes at the time of the notice,' Carlin simply lacks relevance." Kolbasyuk, 918 F.3d at 241 (citation omitted); Therefore, the Letter accurately states the "amount of the debt" as of the date of the Letter and complies with Section 1692g(a)(1).

The Court rejects Plaintiff's argument that the least sophisticated consumer may be confused that the "fees and costs" listed on the Letter may be different at some future, unspecified payment date.  (See Pl. Opp. at 12.)  First, as stated, the Letter clearly states the current amount of debt Plaintiff was required to pay on the date of the Letter.³  Second, "[n]othing in Section

---

³ The Court similarly rejects Plaintiff's argument that, here, the inclusion of fees and costs in the total amount due will never accurately reflect the amount of the debt because fees and costs are not calculated until Plaintiff pays the debt and Plaintiff will never actually pay on the date of the Letter. (Pl. Opp. at 12.)  As stated, the Letter provides sufficient information to inform Plaintiff of the amount due on the date of the Letter, if Plaintiff were to pay on that day.  In any event, Plaintiff's attempt to contort the language of the Letter to fit within Carlin's forward-looking "Payoff Statement" analysis

9

1692g required [Defendant] to inform [Plaintiff] of the constituent components of that debt or the precise rates by which it might later increase." Kolbasyuk, 918 F.3d at 240. Third, the Letter contains the safe harbor language adopted in Avila v. Riexinger & Associates, LLC, 817 F.3d 72 (2d Cir. 2016) notifying Plaintiff that "[b]ecause of interest or other fees that may vary from day to day, the amount due on the day you pay may be greater." (Letter at 1.) Accordingly, "it is clear that the combination of these disclosures in the [L]etter, which both provide the current amount owed and a warning that the amount might increase over time, satisfies Sections 1692e and 1692g, and that no further specificity is required with regard to the manner in which the amount might increase." Hogan v. Nat'l Enter. Sys., Inc., No. 18-CV-2267, 2019 WL 1253393, at *5 (E.D.N.Y. Mar. 19, 2019) (citing Kolbasyuk, 918 F.3d at 242 ("A failure to provide the additional detailed disclosures that [plaintiff] seeks does not transform [defendant's] otherwise-straightforward letter into a 'false, deceptive, or misleading' one.'")). Accordingly, Count One fails to state a claim as a matter of law and is DISMSSED.

---

infuses confusion, rather than clarity, into the "least sophisticated consumer" analysis. "As previously noted in this district, many FDCPA cases appear to be lawyers' cases, alleging 'defect[s] of which only a sophisticated lawyer, not the least sophisticated consumer, would conceive.'" Navon, 2019 WL 4306403, at *5 n.9 (quoting Ocampo v. Client Servs., Inc., No. 18-CV-4326, 2019 WL 2881422, at *3 (E.D.N.Y. July 3, 2019)).

10

C. Count Two: Claims under Section 1692e and Section 1692e(10)

The Letter states that "the amount of the [collection agency] fee may decrease at the time of payment depending on the amount that is ultimately paid." (Letter at 2.) In the Amended Complaint, Plaintiff alleges that the Letter violates Sections 1692e and 1692e(10) because the "least sophisticated consumer after reading such statement would be misled into believing that such collection fee might actually decrease, when i[n] fact, it would not decrease." (Am. Compl. ¶ 89.)

Section 1692e prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. "Section 1692e sets forth a non-exhaustive list of sixteen practices specifically prohibited, including a catch-all provision that bars '[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.'" Altman v. J.C. Christensen & Assocs., Inc., 786 F.3d 191, 194 (2d Cir. 2015) (quoting 15 U.S.C. § 1692e(10)).

Defendant argues that the Letter is not false, deceptive or misleading because "[t]he collection agency fee, which is calculated as a percentage of the amount of principal and interest paid, would decrease in the event the debtor reached a resolution/settlement" with Defendant. (Def. Br. at 13-14; Def.

11

Reply at 4-6.) Plaintiff responds that the statement violates the FDCPA because the "Letter fails to state the method by which such costs and fees are calculated (precisely the information required by Carlin)," that "the amount of costs and fees could never be less than $1,122.49" at the time of calculation, and it is "precisely why the Carlin Court required debt collectors to provide additional information in cases where--as here--an alleged 'payoff statement' includes amounts that are either not due as of the date of the Letter or are otherwise estimated." (Pl. Opp. at 13-14.)

As stated supra, Plaintiff's reliance on Carlin is misplaced and is therefore inapplicable. Further, assuming that the Letter "erroneously represented, intentionally misrepresented, or misleadingly suggested," that the fee may decrease, "there is no legal support for Plaintiff's convoluted theory that this conduct constitutes a material violation of § 1692e(2)." Navon, 2019 WL 4306403, at *5 (citing Cohen, 897 F.3d at 85 (defining a material misstatement as one "capable of influencing the decision of the least sophisticated consumer" (internal quotation marks omitted)). The least sophisticated consumer is "neither irrational nor a dolt." Ellis v. Solomon & Solomon, P.C., 591 F.3d 130, 135 (2d Cir. 2010).

Here, there is no indication that Defendant "misrepresented the nature or legal status of the debt or undermined [Plaintiff's] ability to respond to the debt

12

collection." Cohen, 897 F.3d at 86; Luci v. Overton, Russell, Doerr & Donovan, LLP, 789 F. App'x 895, 897 (2d Cir. 2019); Martinez v. I.C. Sys., No. 17-CV-5693, 2019 WL 1508988, at *3 (E.D.N.Y. Mar. 31, 2019). As for a "consumer's ability to respond to or dispute collection, any rational response to such a notice would eliminate any impediment. Either a consumer would promptly respond to the" Letter--that Plaintiff does not allege to have done--or engage an attorney who can then clarify whether the alleged fees may decrease. Luci, 789 F. App'x at 897. "The illusory concerns" detailed in Plaintiff's Amended Complaint and opposition papers "do not amount to plausible allegations of a materially misleading statement." Id. at 898. Accordingly, Count Two of the Amended Complaint is DISMISSED.

## CONCLUSION

Defendant's motion to dismiss (D.E. 17) is GRANTED and the Amended Complaint is DISMISSED. The Clerk of the Court is directed to enter judgment accordingly and to mark this case CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT  
Joanna Seybert, U.S.D.J.

Dated:   May __4__, 2020  
         Central Islip, New York